IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COLLIN J. HAINES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 03-0695-P-B |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
|     Defendant. ) | |

ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 3, 2005, the Magistrate Judge issued a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B), recommending that the Decision of the Commissioner of Social Security to deny plaintiff's claim for disability benefits be reversed and remanded for further proceedings (doc.23). Currently pending before this court is defendant's Objection to the Report and Recommendation of the Magistrate Judge (doc.24). After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, defendant's Objection is OVERRULED, and the Report and Recommendation of the Magistrate Judge is adopted as the opinion of this court.

The ALJ determined that plaintiff had undergone medical improvement, and since March 1, 2000, retains the residual functional capacity to perform light work; although, he could not return to his past relevant work (as a pipe fitter, welder helper, and yard worker), based on his age, education, and

work experience, plaintiff is capable of performing work existing in significant numbers in the national economy. Utilizing the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations, the ALJ concluded that plaintiff is no longer disabled ((Tr.28-31; doc.23, p.3, 6, 12). The Magistrate Judge found that the ALJ's decision is not supported by substantial evidence (doc.23, p.20). The Magistrate Judge recommends that plaintiff's action

> be reversed and remanded for further proceedings to determine Plaintiff's residual functional capacity to work, as of March 2000. Thereafter, if required, the ALJ shall proceed to the remaining steps in the sequential analysis [see Id., p.11, n.10]. To the extent it is determined that Plaintiff is unable to perform a full range of work at a given functional level or that he has both exertional and nonexertional limitations, a vocational expert should be utilized.

Id., p.23.

Defendant objects, arguing: 1) It is undisputed that the ALJ properly determined that plaintiff experienced medical improvement related to his ability to perform substantial gainful activity; 2) the ALJ properly determined that plaintiff, despite his severe impairments and subjective complaints, could perform light work as of March 2000; 3) medical evidence supported the ALJ's assessment that plaintiff as of March 1, 2000, retained the residual functional capacity to perform light work; 4) the ALJ properly assessed plaintiff's credibility when determining his residual functional capacity; and 5) the ALJ properly assessed the opinion of one of plaintiff's treating physicians (doc.24). It is defendant's second and third arguments which specifically pertain to the Magistrate Judge's findings and recommendation.

This court is not free to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Title 42 U.S.C. § 405(g) precludes a *de novo* judicial proceeding and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. See Jones v. Apfel, 190

F.3d 1224, 1228 (11th Cir. 1999); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Even if [the court] finds that the evidence preponderates against the Secretary's decision, [the court] must affirm if the decision is supported by substantial evidence."  Bloodworth, at 1239.

The Magistrate Judge specifically noted the medical treatment plaintiff received after March 1, 2000, from Dr. Dempsey, his Orthopedist, for back and knee pain, included epidural injections to his back, injections in his knees, knee surgery, physical therapy and pain medication.  Id., p.20-22, referring to Tr.24-26, and Tr.419-452.  The Magistrate found that "while the totality of the evidence reflects that Plaintiff has problems with his back and right leg, what the record does not clearly establish is the effect that these conditions have on Plaintiff's ability to work.  Thus, the record lacks substantial evidence to support the ALJ's finding..."  Id., p.22.

Without re-weighing the evidence, this court is in agreement with the Magistrate Judge's finding.  The evidence reflects that plaintiff's neurological conditions improve.  However, he continued to undergo treatment for back and knee pain.  Although the ALJ discredited plaintiff's credibility as to the severity of his pain, the ALJ did not discredit Dr. Dempsey's medical findings or treatment notes which span from October 8, 2001, through June 26, 2002, evidencing underlying medical conditions.  Moreover, as the Magistrate Judge noted the only evidence of record which addresses the effect of plaintiff's conditions on his ability to work is the Physical Residual Functional Evaluation completed by the State agency physician in March 2001, which determined that plaintiff was capable of performing light work (Tr.406-13).  The Evaluation does not take into account Dr. Dempsey's medical and treatment notes of plaintiff's back and knee conditions from October 8, 2001 (doc.23, p.21-22).

Accordingly, after due and proper consideration of all pleadings in this file, and a *de novo*

determination of those portions of the Report and Recommendation to which objection is made, defendant's Objection is hereby OVERRULED, and it is ORDERED that the Report and Recommendation of the Magistrate Judge be and is hereby ADOPTED as the opinion of this court. It is ORDERED that this action be and is hereby REVERSED and REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings not inconsistent with this opinion. Melkonyan v. Sullivan, 501 U.S. 89 (1991).

Remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, Shalala v. Schaefer, 509 U.S. 292 (1993), and terminates this court's jurisdiction over this matter.

DONE this   15th   day of April, 2005.

/s/ Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE